

# THE ATTORNEY GENERAL
# OF TEXAS

September 21, 1989

JIM MATTOX
ATTORNEY GENERAL

Honorable Charles D. Penick       Opinion No. JM-1098
Criminal District Attorney
Bastrop County                    Re: Authority of a commission-
804 Pecan Street                  ers court to promulgate regula-
Bastrop, Texas 78602              tions regarding smoking in the
                                  county jail, and related ques-
                                  tions (RQ-1752)

Dear Mr. Penick:

You advise that the commissioners court is building a new county jail in Bastrop County and "is attempting to make rules concerning not allowing anyone, including inmates incarcerated in the jail, to smoke anywhere in the building."

In connection with the foregoing scenario you ask the following questions:

1. Does the Commissioner's Court have the authority to regulate whether inmates of the jail may smoke or does this authority lie solely in the discretion of the Sheriff?

2. Does smoking in a county jail by inmates constitute a hazard to nonsmoking inmates?

3. May smoking by inmates be prohibited in a county jail?

4. What rules may be dictated to the Sheriff by the Commissioner's Court concerning the operation of the jail? Is their legal authority only to provide the jail and adequate funding to operate it?

5. What remedy would the Commissioner's Court have against the Sheriff if a broad operational guide line for the operation of the jail was set by the Commissioner's Court

and the Sheriff did  not abide by the  guide-
lines?

In Wilson v. Lynaugh, 878 F.2d 846 (5th Cir. 1989), the
Fifth Circuit rejected a prison inmate's claim that exposure
to environmental tobacco smoke violated his Eighth Amendment
right to be  free  from  cruel  and  unusual  punishment.
However, we do not believe this holding can be construed  to
vest an inmate or anyone else with a constitutional right to
smoke in a  jail or a  prison.  Section 48.01  of the  Penal
Code makes it an offense to smoke tobacco in public  primary
and  secondary  schools,  elevators,  enclosed  theaters  or
movie-houses, libraries, museums, hospitals, transit  system
buses, or intrastate buses.  Attorney General Opinion JM-737
(1987) concluded  that  an  ordinance by  a  home-rule  city
prohibiting smoking in  public places was  not violative  of
any state law.   Prison officials are  not required to  meet
health  and  safety  standards  for  persons  who  are   not
incarcerated.  Sampson v. King, 693 F.2d 566, 569 (5th  Cir.
1982).  Granting  an  inmate the  right  to smoke  would  be
ironic when such privilege is often denied  non-incarcerated
citizens.

You ask whether the  authority to regulate the  smoking
by inmates is within the province of the commissioners court
or the sheriff.  Former article 5115, V.T.C.S., required the
commissioners court to provide  a "safe and suitable  jail."
Article 5115 was amended by House Bill 1314, Acts 1987, 70th
Leg., ch. 883,  § 1, effective September  1, 1987, and  such
amendment was carried  forward and given  effect as part  of
section 351.001 of the Local Government Code.  The amendment
contains detailed provisions  defining the  responsibilities
of the commissioners court  in providing "safe and  suitable
jails."  Among the requirements with which the commissioners
court is charged is the responsibility of providing the jail
with proper  sanitation, ventilation,  cleanliness,  health,
adequate security and  safety conditions.  The question  of
whether the commissioners court  has authority to  determine
if county jail  inmates smoke  turns  on whether  it  is
necessary to impose  such a  regulation to  comply with  the
commissioners court's responsibility under section  351.001.
The resolution  of  this  question  is  dependent  upon  the
circumstances existing in a particular county jail and  must
be resolved on a case-by-case basis.  Such a factual determ-
ination is not within the province of the opinion process.

Section 351.041 of the Local Government Code  (formerly
article  5116,  V.T.C.S.)  designates  the  sheriff  as  the

"keeper of the county jail" and provides he shall "exercise supervision and control over the jail." In Attorney General Opinion H-1190 (1978) it was stated that under then article 5116 the authority of the commissioners court over the jail is limited to providing the jail adequate funding and broad operational guidelines, and that the actual operation of the jail is the responsibility of the sheriff.

Attorney General Opinion H-1190 stated that under then article 5116 the authority to supervise, direct and control the jail is vested in the office of the sheriff. _Whirl v. Kern_, 407 F.2d 781 (5th Cir. 1968), addressed the responsibilities of the sheriff as keeper of the jail. In _Whirl_ it was stated "the statutory obligations of a Texas sheriff are not amorphous ones . . . . Article 5116 places the responsibility for the county jail directly upon the county sheriff . . . ." _Id._ at 794-795. We are of the opinion that the sheriff as "keeper of the county jail" has the discretion to make any reasonable rules relative to supervision of prisoners and the operation of the jail, including whether smoking is allowed in the jail. In the event the sheriff should permit smoking in the jail, the commissioners court may only prohibit same if it falls within its responsibility of providing a "safe and suitable jail" under section 351.001 of the Local Government Code.[1]

We cannot address your second question because it requires the resolution of fact issues. Also, Attorney General Opinions address specific legal questions. We do not provide the type of general legal advice that your fourth and fifth questions call for. Therefore, we do not answer those questions.

---

1. Section 351.002 states that the standards prescribed by this subchapter are "minimum standards." Article 5115.1, V.T.C.S., vests the Commission on Jail Standards with authority to promulgate reasonable rules relative to construction and operation of jails, including establishing minimum standards for the custody, care and treatment of prisoners. Section 351.002 provides that the county jail must comply with the minimum standards and the rules and procedures of the Commission on Jail Standards.

### S U M M A R Y

The sheriff as "keeper of the county jail" has the discretion to make reasonable regulations relative to the supervision of prisoners and operation of the jail, including the authority to determine whether smoking should be allowed in the jail. The county commissioners court may prohibit smoking by inmates in the county jail if it falls within its responsibility to provide a "safe and suitable jail" under section 351.001 of the Local Government Code.

Very truly yours,

JIM  MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General